**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Inari Medical Incorporated,<br><br>    Plaintiff,<br><br>v.<br><br>Christina Badger,<br><br>    Defendant. | No. CV-24-00411-PHX-DLR<br><br>**ORDER** |

Before the Court is Defendant Christina Badger's motion to dismiss (Doc. 11) Plaintiff Inari Medical Inc.'s ("Inari") Complaint (Doc. 1). The motion is fully briefed.[1] For the following reasons, the Court grants the motion.

**I.   Background[2]**

Badger is a former employee of Inari, a medical device sales company. (Doc. 1 at 1.) Badger worked at Inari as an account manager from February 2019 through September 2023, when she was terminated from the position. (*Id.* ¶¶ 4–8; Doc. 19 ("Freeze Decl."),

---

[1] Oral argument is denied because the motions are adequately briefed, and oral argument will not help the Court resolve the issues presented. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

[2] The following facts are drawn from the allegations in the Complaint (Doc. 1), declarations of the parties (Docs. 16, 18, & 19), and matters of public record subject to judicial notice. *See infra* Part II; *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) ("[A] court may take judicial notice of matters of public record." (quotation and citation omitted)). Because Badger levies a factual attack on subject matter jurisdiction, the Court has not applied presumptive truthfulness to the allegations in the Complaint. *See infra* Part II.

Ex. 1 ¶ 1.) In December 2023, Badger sent Inari a demand letter alleging violations of California and Arizona law relating to her employment and termination, including violations of California's Fair Employment and Housing Act ("FEHA"). (Doc. 1 ¶ 3.) Around the same time, Melissa McCaskey, a former employee of Inari with similar claims, sent a similar demand letter. (Freeze Decl. ¶ 8.) Two months later, Inari filed the present suit against Badger, seeking declaratory judgment that California law does not apply to the claims outlined in the demand letter; that Arizona law does apply to those claims; and that venue is proper in Arizona, not California. (Doc. 1 at 8.) Inari also filed suit in Oregon federal district court against McCaskey seeking declaratory judgment that California law did not apply to her claims; that Oregon law did apply to her claims; and that venue was proper in Oregon, not California. (Freeze Decl. ¶ 9, Ex. 3.) The Oregon district court dismissed the case, finding that the *Brillhart* abstention doctrine applied. (*Id.* at Ex. 4.)

In March 2024, Badger and McCaskey filed an agency complaint against Inari with the California Department of Fair Employment and Housing and thereafter obtained a "Right to Sue" letter from the agency.[3] (*Id.* at Ex. 1 ¶ 22.) Having exhausted their administrative remedies, Badger and McCaskey filed suit as co-plaintiffs in California state court. (*Id.*) Inari removed that case to the district court for the Central District of California, but the district court later granted the plaintiffs' motion to remand. *Badger v. Inari Med., Inc.*, 8:24-cv-00994-DOC-ADSx, 2024 WL 3276202, at *1 (C.D. Cal. July 1, 2024).

Inari seeks a declaratory judgment under the Declaratory Judgment Act ("Act"). Badger moves to dismiss this case based on five separate grounds: (1) lack of standing under Rule 12(b)(1); (2) lack of diversity jurisdiction under Rule 12(b)(1); (3) *Brillhart* abstention; (4) insufficient service of process under Rule 12(b)(5); and (5) failure to state a claim upon which relief can be granted under Rule 12(b)(6). (Doc. 11 at 1–2.) The Court grants the motion to dismiss on the third ground.

**II.     Legal Standard**

---

[3] Under California law, filing of an agency complaint is a prerequisite to an FEHA suit in California state court. *See Beddingfield v. United Parcel Serv., Inc.*, No. 23-cv-05896-EMC, 2024 WL 1521238, at *4 (N.D. Cal. Apr. 8, 2024).

- 2 -

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Id.* (citations omitted). Whether subject matter jurisdiction exists is a threshold question the Court must answer before turning to the merits of a case. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011).

"Motions to dismiss under Rule 12(b)(1) 'may attack either the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or the existence of subject matter jurisdiction in fact.'" *Sabra v. Maricopa Cnty. Comty. Coll. Dist.*, 479 F. Supp. 3d 808, 813 (D. Ariz. 2020) (quoting *Renteria v. United States*, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006)). In resolving a facial attack, the court must accept the allegations in the complaint as true and construe them in a light most favorable to the plaintiff. *Renteria*, 452 F. Supp. 2d at 919. Dismissal is improper unless it appears beyond doubt that the plaintiff can prove no set of facts supporting his claim that would entitle him to relief. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). In resolving a factual attack, on the other hand, the court does not attach presumptive truthfulness to the allegations in the pleading, and the court may review any evidence outside the pleadings, including affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). The Court treats this challenge as a factual attack on subject matter jurisdiction and thus has considered the parties' declarations and exhibits.[4]

**III.   Analysis**

The Court first analyzes Badger's challenges to subject matter jurisdiction: lack of standing and lack of diversity jurisdiction. Then the Court proceeds to analyze whether it should, in its discretion, abstain from granting relief under the Act. Because the Court finds abstention is appropriate, it does not analyze Badger's remaining arguments in favor of

---

[4] Though the *Brillhart* doctrine, discussed *infra* Section III.c, "does not fit neatly into any of the categories of motions enumerated in Rule 12(b)," 63 A.L.R. Fed. 2d 51 (2012), the Court applies the 12(b)(1) standard to its *Brillhart* analysis. *See Inari Med, Inc. v. McCaskey*, 733 F. Supp. 3d 998, 1002–03 (D. Or. 2024) (doing the same).

- 3 -

dismissal.

### a. Standing

Article III requires that federal courts adjudicate only "Cases" and "Controversies." U.S. Const. art III, § 2, cl. 1. In line with this constitutional demand, the Act provides that "[i]n a case of an *actual controversy* within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration. 28 U.S.C. § 2201(a) (emphasis added); *see also Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994) ("We have held that [the Act's "actual controversy" requirement] is identical to Article III's constitutional case or controversy requirement."). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

The Court is satisfied that an actual controversy exists here. There is a substantial controversy: What law governs Badger and Inari's employment relationship? And what court should hear this controversy? There are two parties with adverse legal interests. Inari, on the one hand, believes that Arizona law governs this dispute and that the dispute itself belongs in this Court. Badger, on the other, believes that California law governs the dispute and that the dispute belongs in a California state court. The controversy is sufficiently immediate and real. Badger sent a demand letter indicating her intent to sue Inari. That, at the time Badger moved to dismiss, she had not yet filed suit in California does not affect the Court's analysis. The demand letter indicated that she intended to pursue a lawsuit imminently. "[The present suit] calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 242 (1937).

### b. Diversity Jurisdiction

Inari asserts that the Court has diversity jurisdiction over this case under 28 U.S.C. § 1332. Diversity jurisdiction exists "where the matter in controversy exceeds the sum or

value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states." § 1332(a)(1). Diversity jurisdiction must exist at the time the complaint is filed. *See Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).

Badger asserts that subject matter jurisdiction is lacking because Inari cannot satisfy the amount-in-controversy requirement. Where, as here, a case is brought in federal court, it "must appear to a legal certainty that the [plaintiff's] claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938). Because Inari requests equitable relief in the form of declaratory judgment, the Court measures the amount in controversy by "the value of the object of the litigation." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). And "losses that are expected in the future may preclude a court from concluding, to a legal certainty, that the amount in controversy will not be met." *Travelers Prop. Cas. Co. v. Zurich Am. Ins. Co.*, No. CV11-8151-PHX-JAT, 2012 WL 3042993, at *2 (D. Ariz. July 25, 2012) (citing *Hunt*, 432 U.S. at 348).

Here, the object of the litigation is to determine the applicable law and proper venue of the litigation. Inari alleges a "good-faith belief that the matter in controversy exceeds $75,000. Badger alleges violations of four separate California state laws and cites recent damages awards ranging from $550,000 to $25,142,000." (Doc. 1 ¶ 1.) In other words, Inari believes that declaratory judgment in its favor would avoid liability in excess of $75,000 because Badger's letter indicated she intended to pursue damages in excess of $75,000. The Court is skeptical because Badger did not actually make a demand of any specific amount in her letter. Still, though attenuated, it is possible that a decision in Inari's favor could avoid damages in excess of $75,000, and the Court is satisfied that the amount-in-controversy allegation was made in good faith. Because it cannot be clear to a legal certainty that Inari's potential future losses would not meet the amount-in-controversy requirement, the Court will not dismiss on that basis.

### c. *Brillhart* Abstention Doctrine

Though the Court has subject matter jurisdiction to decide the dispute, in the

exercise of its discretion, the Court will abstain and dismiss the case. *City of S. Lake Tahoe v. Cal. Tahoe Reg'l Plan. Agency*, 625 F.2d 231, 233 (9th Cir. 1980) ("Only after a court is satisfied that standing and the other jurisdictional prerequisites are met may it determine, within its discretion, whether to abstain."). The Act provides that a district court "*may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). By its terms, the Act gives the Court discretion in deciding whether to grant the remedy. *Continental Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1369 (9th Cir. 1991), *overruled on other grounds by Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998); *see also Pub. Affs. Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (The statute "gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so."). But courts should not exercise this discretion to grant relief "where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942).

This abstention doctrine, first articulated in *Brillhart*, serves to prevent "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation[.]" *Id.* Thus, when a federal declaratory suit presents the same issue(s) of state law as presented in a pending state court proceeding, "there exists a presumption that the entire suit should be heard in state court." *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366–67 (9th Cir. 1991) (citing *id.*). The *Brillhart* decision was based on three principal rationales: (1) avoiding federal courts needlessly determining state law issues; (2) discouraging litigants from using declaratory judgment actions to forum shop; and (3) avoiding duplicative litigation. *Id.* at 1367. Where the presumption applies and these three factors weigh in favor of abstention, a federal court should abstain from granting declaratory relief. *See Brillhart*, 316 U.S. at 495.

The presumption applies here. Badger filed a complaint in California state court alleging violations of California and Arizona state law by her former employer—the plaintiff in this action—Inari. (Doc. 1 at Ex. 1.) The Complaint here requests declarations

- 6 -

that: (1) California law does not apply to Badger's claims; (2) Arizona law does apply to Badger's claims; and (3) that venue in Arizona, rather than California, is proper. (*Id.* at 8.) These issues will necessarily be determined in the state court proceeding.

Each of the three *Brillhart* factors weigh in favor of abstention. First, granting declaratory relief would require the Court to decide state law issues. The Complaint asks the Court to determine whether California's whistleblower protection law applies to nonresidents who do not work in California and whether FEHA has extraterritorial application. (*Id.* ¶¶ 14–15.) The California state court will necessarily decide both issues in determining whether the plaintiffs are entitled to relief in their case.

Second, the declaratory judgment action is a veiled attempt to improperly forum shop. Merely filing a federal declaratory action in anticipation of state-court litigation is not itself improper forum shopping. *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 391 (5th Cir. 2003). But when a federal plaintiff seeks declaratory relief as a defensive or reactive measure, federalism concerns weigh against granting relief. *See id.*; *Budget Rent-A-Car v. Crawford*, 108 F.3d 1075, 1081 (9th Cir. 1997), *abrogated on other grounds by Dizol*, 133 F.3d at 1227. Here, Inari brought suit shortly after receiving a demand letter from Badger outlining her claims under California law. While alone the decision to do so is unproblematic, the broader context of this case demonstrates that Inari believes federal court is the more favorable forum. In anticipation of the California state-court litigation, it filed a declaratory action in Oregon federal district court and here. In response to the commencement of suit in California state court, it improperly removed the case to California federal court despite being a "forum defendant." *See Badger*, 2024 WL 3276202, at *3–*5 (concluding that "snap removal" is improper under removal statute and remanding case to state court). It is apparent that Inari "perceived a tactical advantage from litigating in a federal forum." *Continental Cas. Co.*, 947 F.2d at 1371.

Third, abstention would avoid duplicative litigation. Badger and Inari are in active litigation in California state court. Inari has not moved to dismiss the California state court action. And even were the Court to grant declaratory relief, the judgment would not "settle

- 7 -

all aspects of the controversy." *Kearns*, 15 F.3d at 145 (Garth, J., concurring). A decision in Inari's favor would not halt the state-court litigation immediately, despite that such a decision here might have a res judicata effect on some of the issues in that suit.

Moreover, Badger's co-plaintiff in the California state lawsuit, McCaskey, will still be litigating the case there, no matter the outcome here. Inari unsuccessfully tried the same approach against McCaskey: It filed a substantially similar declaratory action against her in Oregon district court, but the court dismissed the case under *Brillhart*. *Inari Med., Inc. v. McCaskey*, 733 F. Supp. 3d 998 (D. Or. 2024). Thus, McCaskey's case, which arises from the same series of occurrences and involves overlapping issues, will proceed in California state court. Principles of judicial economy and efficiency and avoidance of duplicative litigation counsel that the Court should not exercise its jurisdiction under these circumstances.

## IV. Conclusion

Because the three *Brillhart* factors weigh in favor of abstention, the Court dismisses this case. The Court grants dismissal on that basis alone and does not reach Badger's other arguments in favor of dismissal.

**IT IS ORDERED** that Badger's motion to dismiss (Doc. 11) is **GRANTED**. The case is dismissed without prejudice. The Clerk of the Court is directed to terminate the case.

Dated this 31st day of January, 2025.

Douglas L. Rayes
Senior United States District Judge